UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CR-00041-FL-1

**United States of America**,

v.

**Jerrell Antwan Jenkins**,

Defendant.

**Order**

On July 19, 2017, a Grand Jury indicted Defendant Jerrell Antwan Jenkins on charges of engaging in a drug trafficking conspiracy, possession with intent to sell and deliver a quantity of heroin or cocaine pursuant to the conspiracy, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. Indictment, D.E. 15. The Grand Jury returned a superseding indictment containing the same charges in December 2017. D.E. 29. Ahead of his arraignment, Jenkins has filed a motion to reveal concessions (D.E. 37), a motion for inculpatory statements (D.E. 39), a motion for *Jencks* material (D.E. 40), a motion to preserve evidence (D.E. 41), and a motion to sequester government witnesses (D.E. 42). The Government has responded to these motions (D.E. 45) and they are ripe for disposition.

I.  **Motion for *Brady* and *Giglio* Information**

Jenkins seeks an order requiring the Government to produce information that he claims he is entitled to under *Brady* v. *Maryland*, 373 U.S. 83 (1963), *United States* v. *Giglio*, 405 U.S. 150 (1972), and their progeny.[1] D.E. 37. Jenkins also requests an order compelling the disclosure of inculpatory statements that he or his alleged co-conspirators made. D.E. 39.

---

[1] Among the items Jenkins requests under *Brady* and *Giglio* are concessions provided to the alleged victims. D.E. 37 at 2. Such a request is inapplicable since there are no victims in this case. Jenkins' motion is thus denied pursuant to this request.

Under *Brady*, the Government has an affirmative obligation to produce evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States* v. *Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. The Government must also disclose evidence that could potentially be used to impeach or discredit a Government witness. *Giglio*, 405 U.S. at 154. This evidence must be produced "in time for its effective use at trial." *United States* v. *Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States* v. *Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009).

The Government explained that it has already produced approximately 133 pages of discovery and 30 compact discs to Jenkins, but acknowledged its obligations to provide *Brady* and *Giglio* materials in a timely manner, including information that could be used to impeach Government witnesses, inculpatory evidence, and "all promises of leniency, immunity, or similar inducements to testify." D.E. 45 at 3–4. The Government represented to the court that it will produce these materials "in sufficient time for them to be adequately used at trial." *Id.*

In light of the Government's actions to date and its representations to the court, "[t]he court credits the government's assertion that it will disclose all exculpatory and impeachment evidence in time for its effective use at trial," *United States* v. *Howard*, No. 5:12–CR–9–D, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (citing *Smith Grading*, 760 F.2d at 532). Therefore, the motions seeking early disclosure of *Brady* and *Giglio* materials (D.E. 37 & D.E. 39) are granted in part and denied in part. The Government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

## II. Motion for Early Release of *Jencks* Material

Jenkins requests that the court order the Government to disclose of material covered by the Jencks Act, 18 U.S.C. § 3500, no later than 15 days before trial. D.E. 40. However, the Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Fourth Circuit Court of Appeals has explained that in light of the language of the statute, a "district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified." *United States* v. *Lewis*, 35 F.3d 148, 151 (4th Cir. 1994).

Although a district court may not require early disclosure of *Jencks* material, the Government may voluntarily disclose the requested documents and information prior to trial. *Id.* In this case, the Government represented that it has already produced some *Jencks* material, and that it will disclose all *Jencks* material "in time for its effective use at trial." D.E. 40 at 6. While this representation is not legally binding, the Government is no doubt aware of the consequences attendant to failing to honor commitments made to the court.

In light of the plain language of the statute and the Fourth Circuit's holding in *Lewis*, Jenkins's motion for early disclosure of *Jencks* material (D.E. 40) is denied.

## III. Motion to Preserve Evidence

Jenkins requests that the court order all government agents who may appear as witnesses or who interviewed any potential witnesses "to retain and preserve all rough notes . . . whether or not the contents of the said notes are incorporated in official records." D.E. 41 at 2. Jenkins

explains that such an order is necessary for the court to ascertain whether the Government will need to turn over the notes pursuant to *Brady* or the *Jencks* Act. *Id.* at 2.

Under Fourth Circuit precedent, "investigative notes of government agents, rough or typed, made in the course of witness interviews, which are later incorporated in the agent's formal report, are not statements within the meaning of the Jencks Act, 18 U.S.C. § 3500." *United States* v. *King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (citing *United States* v. *Hinton*, 719 F.2d 711, 722 (4th Cir. 1983), *cert. denied*, 465 U.S. 1032 (1984)). Thus, the Government is not required to turn over any handwritten notes which comprised a formal report. To the extent that any requested handwritten notes do not comprise a formal report but are subject to disclosure under *Brady* or the *Jencks* Act, the Government has represented to the court that it will provide such discovery "in advance of trial and with sufficient time for [its] effective use." D.E. 45 at 6.

Therefore, the motion seeking to preserve evidence (D.E. 41) is granted in part and denied in part. The Government shall produce *Brady* materials on an ongoing basis and disclose all materials no later than seven days before the date trial is scheduled to begin. The Government shall also produce *Jencks* material in time for its effective use at trial.

### IV. Motion for Sequestration of Witnesses

In anticipation of trial, Jenkins seeks an order requiring the sequestration of the Government's witnesses, except for any designated case agent. D.E. 42 at 2–3. He also appears to request enforcement of Rule 615's "prohibition against the discussion of trial testimony with witnesses outside of the courtroom." *Id.* at 2. In response, the Government requests that Jenkins's witnesses also be subject to a sequestration order and that it be allowed to designate one witness to remain in the courtroom for the duration of the trial. D.E. 45 at 8.

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid. 615. However, the court may not exclude certain categories of people, including "a party who is a natural person" or a designated officer or employee of a party that is not a natural person. *Id.* at 615(a), (b). Therefore, the court orders that all witnesses who may be called by Jenkins and the Government, other than the defendants and a case agent designated by the Government, shall be excluded from the courtroom during trial.

It is unclear whether Jenkins requests that the court prohibit witnesses from discussing the case with each other, or with the attorneys for the parties. Assuming that Jenkins has requested both, the court will only limit the witnesses' ability to discuss the case with each other. The Fourth Circuit has explained that "lawyers are simply not subject to the Rule." *United States* v. *Rhynes*, 218 F.3d 310, 316 (4th Cir. 2000). As a result, "sequestration orders prohibiting discussions between witnesses should, and do, permit witnesses to discuss the case with counsel for either party…." *Id.* at 317. Therefore, witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

The court therefore grants in part and denies in part Jenkins's motion seeking sequestration of witnesses. D.E. 42. All witnesses that may be called by Jenkins and the Government, other than the defendant and a case agent designated by the Government, shall be excluded from the courtroom during trial. Witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties during the time of trial.

V.  **Conclusion**

As discussed above, the court orders as follows:

1. Jenkins's motions regarding *Brady* and *Giglio* materials (D.E. 37 & 39) are granted in part and denied in part. The Government shall produce concessions, payments, or other deals provided to government witnesses; the criminal records of all witnesses; and the cases in which witnesses have previously offered testimony concerning the defendant on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

2. Jenkins's motion for early disclosure of *Jencks* material (D.E. 40) is denied.

3. Jenkins's motion to preserve evidence (D.E. 41) is granted in part and denied in part. The Government shall produce *Brady* materials on an ongoing basis and disclose all materials no later than seven days before the date trial is scheduled to begin. The Government shall also produce *Jencks* material in time for its effective use at trial.

4. Jenkins's motion seeking sequestration of witnesses (D.E. 42) and the Government's request regarding the same (D.E. 45) are granted. All witnesses that may be called by Jenkins and the Government, other than the defendant and a case agent designated by the Government, shall be excluded from the courtroom during the trial. Witnesses subject to this sequestration order are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

Dated: February 20, 2018

*Robert T Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge